IN THE SUPREME COURT OF THE STATE OF NEVADA

LIVELIFE, LLC,
Appellant,
vs.
BAY POINT CAPITAL PARTNERS, LP,
Respondent.

No. 82744

FILED

MAY 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DECLINING CERTIFIED QUESTION

This matter involves a legal question certified to this court, under NRAP 5, by the United States Bankruptcy Court for the District of Nevada. Specifically, the Bankruptcy Court has certified the following question to this court:

> If a parcel of Nevada real property is encumbered by two deeds of trust, the property owner wishes to refinance only the senior deed of trust, the property owner and the holder of the junior deed of trust sign a written Subordination Agreement before a Notary Public that describes the subject real property, identifies the property owner by name as the "Grantor," and the Subordination Agreement is recorded by the proper County Recorder before the refinancing transaction takes place, does the Subordination Agreement itself constitute a mortgage lien on the subject real estate as a matter of Nevada law?

Having considered this question, the Bankruptcy Court's certification order, and the documents submitted in conjunction with the order, we are not persuaded that answering the certified question will necessarily be determinative of the dispute between appellant LiveLife and respondent Bay Point. *See* NRAP 5(a); *Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 749-51, 137 P.3d 1161, 1163-64 (2006) (discussing the factors this court considers when determining whether to accept a certified question, including whether answering the question "may be determinative

21-14657

of the cause then pending" (internal quotation marks omitted)).  In particular, it appears that LiveLife is arguing that, in addition to the subordination agreement constituting a valid mortgage, LiveLife is also entitled to an equitable mortgage or equitable subrogation.  If either of those issues are resolved in LiveLife's favor, it appears that the certified question may be rendered moot.  Accordingly, we decline to accept the certified question at this time.

It is so ORDERED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Gerrard Cox Larsen
       Armstrong Teasdale, LLP/Las Vegas
       John C. Allerding
       John F. Isbell
       Clerk, United States Bankruptcy Court for the District of Nevada